**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DORIAN D. BAILEY, | No.    15-15955 |
| Petitioner-Appellant, | D.C. No.<br>2:10-cv-00084-TLN-CKD |
| v. | |
| GREG LEWIS, Warden, | MEMORANDUM[*] |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Troy L. Nunley, District Judge, Presiding

Submitted March 14, 2017[**]
San Francisco, California

Before:  TROTT, WARDLAW, and GOULD, Circuit Judges.

Convicted by a jury in California state court of multiple felony crimes

including kidnapping, forcible rape, and robbery, Bailey now appeals the district

court's denial of his petition for a writ of habeas corpus.  Citing Drope v. Missouri,

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

420 U.S. 162, 171-75 (1975), he claims that the state trial court deprived him of his federal constitutional right to due process of law by failing to order sua sponte a competency hearing to determine his mental competence to stand trial. See also Dusky v. United States, 362 U.S. 402 (1960) (per curiam). The California Court of Appeal rejected this claim in a reasoned opinion, and the California Supreme Court affirmed Bailey's conviction.

We have jurisdiction over this timely appeal pursuant to 28 U.S.C. §§ 1291 and 2253.

Section 2254(d) requires us to uphold a state court's decision on a federal constitutional claim unless that decision was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or the state court's decision was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. 28 U.S.C. § 2254(d); Harrington v. Richter, 562 U.S. 86, 97-98 (2011).

On this record, we conclude that the California Court of Appeal's decision was free of legal error. Moreover, its determination and understanding of the relevant facts was fully supported by the record. As the district court correctly observed,

[I]t was reasonable [for the Court of Appeal] to find that the evidence before the trial judge did not raise a "bona fide doubt" about petitioner's competency to stand trial. While petitioner had a history of mental illness, likely exacerbated by drug and alcohol use, none of the psychiatric reports before the trial judge suggested that petitioner could not understand what was happening at trial or assist his own attorney.

**AFFIRMED**.